IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PAMELA A. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-070 |
| | ) | |
| MR. ERIC K. SHINSEKI, Secretary of | ) | |
| Department of VAMC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in the above-captioned case employment discrimination case. On April 3, 2014, the Court found that Plaintiff's complaint, comprised of 76 pages, failed to meet the requirements of the Federal Rules of Civil Procedure, which require a "short, plain statement" of the claims entitling a plaintiff to relief, and failed to provide sufficient information to give Defendants fair notice of the basis of her asserted claims. (Doc. no. 4, pp. 2-3.) The Court ordered Plaintiff to submit a single amended complaint on the Southern District of Georgia form provided, cure the above pleading deficiencies, and warned her that any attached exhibits could not be incorporated by reference as a means of providing the factual basis of her complaint. (Id. at 3-6.)

Plaintiff has responded to the Court's April 3rd Order by filing two amended complaints totaling almost 150 pages. (See doc. nos. 5, 7.) In doing so, Plaintiff has failed to follow this Court's explicit instructions from its April 3rd Order. First, Plaintiff filed two amended complaints despite this Court's order to include all her allegations in

one amended complaint. (Doc. no. 4, pp. 3-4, 5.) Second, the filings total 149 pages and in no way approach the "short, plain statement" of her claims the Court warned Plaintiff the Federal Rules of Civil Procedure required. (See id. at 2.) Plaintiff was warned that failure to comply with this requirement may lead to dismissal. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise).

Relatedly, Plaintiff still has not provided enough facts detailing how she was allegedly wronged by Defendants, such as what type of discrimination allegedly occurred, why she falls within the protected class, how she was allegedly discriminated against, or why she believes the Department of Veterans Affairs decision was erroneous and discriminatory, and therefore has not provided enough information to give Defendants fair notice of the basis of her asserted claims. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). Instead, the majority of the pages of Plaintiff's amended complaints are attachments that are not referenced in the body of her complaint. (See, e.g., doc. no. 5, pp. 39-141 (indiscernible handwritten annotations).) Thus, Plaintiff's filings amount to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011), ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned

repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers, 501 U.S. at 43). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989); In re Yulin Ma, 346 F. App'x 436, 438 (11th Cir. 2009) (*per curiam*) (affirming dismissal with prejudice where plaintiff willfully failed to comply with magistrate's order that required payment of expenses as a result of his failure to meet his discovery obligations); Johnson v. Edward Jones Investments, 2:11-CV-116-RWS-SSC, 2012 WL 1314082 (N.D. Ga. Mar. 8, 2012) *report and recommendation adopted*, 2:11-CV-0116-RWS, 2012 WL 1313501 (N.D. Ga. Apr. 17, 2012) (dismissing case with prejudice after finding plaintiff engaged in a clear pattern of delay or willful contempt and lesser sanctions would not suffice where plaintiff disobeyed and failed to respond to court orders).

Here, Plaintiff's persistence in submitting complaints of impermissible length and composition—even when presented with explicit instructions not to do so—amounts to

the sort of willful contempt contemplated in Goforth and Moon. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of money sanctions is not a feasible sanction.

While the dismissal here is entered without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice. This is because employment discrimination actions must be commenced within certain timeframes. See e.g., 42 U.S.C. § 2000e-16(c) (establishing timeframe within which a federal employee may file a civil action in a Title VII case). These deadlines, however, are "condition[s] precedent subject to equitable tolling or waiver, rather than . . . jurisdictional bar[s]." Jones v. Wynne, 266 F. App'x 903, 905 (11th Cir. 2008) (*per curiam*).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaints be **DISMISSED WITHOUT PREJUDICE**, (doc. nos. 5, 7), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of June, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).